UNITED STATES DISTRICT COURT FOR
THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | |
|---|---|
| SANDRA ESPINOSA and CHRISTINA NEIGHBORS, individually and on behalf of other similarly situated individuals | : : : : |
| Plaintiffs, | : Civil Action No. _____ : : |
| v. | : : |
| PRIME CHOICE URGENT CARE, PLLC | : : |
| Defendant. | : : |

## COLLECTIVE ACTION COMPLAINT

Sandra Espinosa and Christina Neighbors ("Plaintiffs"), individually and on behalf of all other similarly situated current and former hourly employees of Prime Choice Urgent Care, PLLC ("Defendant"), bring this action for unpaid overtime, liquidated damages, attorney fees and all other available relief for Defendant's violations of the Fair Labor Standards Act, 29 U.S.C. §201, *et seq.* ("FLSA").

### I. INTRODUCTION

1. Plaintiffs were employed by Defendant as a receptionist and medical assistant and were paid by the hour. Plaintiffs consistently worked over forty (40) hours in a workweek and were paid straight time for all overtime hours.  Plaintiffs bring this claim to recover unpaid overtime compensation under §216(b) of the FLSA as a collective action on behalf of themselves and all current or former hourly workers employed by Defendant within the last three (3) years who were not paid overtime at one- and one-half times their regular rate of pay for all hours worked over forty (40) in a workweek (the "FLSA Collective").

## II.     JURISDICTION AND VENUE

2. This Court is vested with subject matter jurisdiction pursuant to 28 U.S.C. §1331 and 29 U.S.C. §216(b) as Plaintiffs' claims arise under the FLSA 29 U.S.C. §201, *et seq*. Additionally, this Court has personal jurisdiction over Defendant, as Defendant is domiciled and conducts business in the Eastern District of Texas.

3. Venue is proper in this District under 28 U.S.C. §1391(b)(2) as a substantial part of the events giving rise to the claims sued upon herein occurred within this District.

## III.     THE PARTIES

**Plaintiffs**

4. Plaintiff Sandra Espinosa is a major individual, domiciled in Denton County, state of Texas.  Plaintiff Espinosa worked as a receptionist for Defendant from January, 2020 until October, 2020 and was paid by the hour.

5. Pursuant to 29 U.S.C. § 216(b), Plaintiff Espinosa consents in writing to be a party to this proceeding.  Her consent form is attached as Exhibit "A."

6. Plaintiff Christina Neighbors is a major individual, domiciled in Dallas County, state of Texas.  Plaintiff Neighbors worked as a medical assistant for Defendant from August, 2020 until July, 2021 and was paid by the hour.

7. Pursuant to 29 U.S.C. § 216(b), Plaintiff Neighbors consents in writing to be a party to this FLSA Collective Action.  Her consent form is attached hereto as Exhibit "B."

8. As this case proceeds it is likely other individuals will file consent forms to join as opt-in plaintiffs.

**Defendant**

9. Defendant Prime Choice Urgent Care, PLLC is a domestic limited liability company domiciled at 13151 Strike Gold Boulevard, Frisco, Texas 75035, and may be served through its registered agent, Rajnil Shah, 13151 Strike Gold Boulevard, Frisco, Texas 75035.

## IV.   COVERAGE UNDER THE FLSA

10. At all pertinent times, Defendant was and is an employer of Plaintiffs and the FLSA Collective within the meaning of §3(d) of the FLSA, 29 U.S.C. §203(d).

11. At all pertinent times, Defendant was and is an enterprise within the meaning of §3(r) of the FLSA, 29 U.S.C. §203(r).

12. At all pertinent times, Defendant was and is engaged in commerce or in the production of goods for commerce within the meaning of §3(s)(1) of the FLSA, 29 U.S.C. §203(s)(1), in that Defendant has and has had employees engaged in commerce or in the production of goods for commerce, or employees handling, selling or otherwise working on goods or materials that have been moved in or produced for commerce by any person and in that said enterprise has had an annual gross volume of sales made or business done of not less than five hundred thousand ($500,000.00) dollars (exclusive of excise taxes at the retail level which are separately stated).

13. At all pertinent times, Plaintiffs and the FLSA Collective were engaged in commerce or in the production of goods for commerce by virtue of 29 U.S.C. §§206-207.

14. Defendant, Plaintiffs and the FLSA Collective used cell phones, computers, drugs, medical supplies, medical devices and other equipment that was manufactured in or purchased and shipped from states other than Texas in the course of their work.  Further, Defendant accepted checks, credit cards, electronic payments and processed other transactions from customers

throughout interstate banks and financial institutions and provided its employees with paychecks by electronic deposit, all of which constitutes interstate commerce.

V.	**FACTS**

15.	Defendant operates a medical clinic under the trade name "Prime Choice Family Clinic & Urgent Care" which is located at 12828 El Dorado Parkway in Frisco, Texas.  According to its website, Defendant provides highly skilled emergency room trained doctors who provide comprehensive acute, preventative and family medicine to people of all ages living in and around Frisco, Texas and throughout Collin and Denton Counties.  (See www.primechoiceuc.com last visited October 12, 2021)

16.	Defendant employs medical assistants, receptionists, physician assistants and other workers who, like Plaintiffs and the FLSA Collective, were paid by the hour.

17.	Plaintiff Neighbors was paid $15.00 per hour until approximately December, 2020 at which time her pay was increased to $17.00 per hour.

18.	Plaintiff Espinosa was employed by Defendant was paid $17.00 per hour.

19.	Neither Plaintiffs or the FLSA Collective performed any duties that qualified for an overtime exemption under the FLSA.

20.	Plaintiffs and the FLSA Collective were all FLSA non-exempt hourly employees who were eligible for and entitled to overtime pay.

21.	Plaintiff Neighbors frequently worked in excess of forty (40) hours per workweek and was paid straight time for all overtime hours worked.

22.	Plaintiff Espinosa was often required to work fifteen (15) to sixteen (16) hour shifts. Plaintiff Espinosa frequently worked in excess of one hundred (100) hours in a seven (7) day workweek.

23. Plaintiffs are aware from their own personal knowledge that other FLSA Collective members worked more than forty (40) hours in a workweek like they did.

24. Plaintiffs and the FLSA Collective were paid straight time for all overtime hours worked.

25. Defendant improperly automatically deducted thirty (30) minutes per day for a meal period from Plaintiffs and the FLSA Collective's hours worked when Defendant failed to provide a bona fide meal break and instead required Plaintiffs and the FLSA Collective to remain on site and available to work during their meal periods.

26. Plaintiffs and the FLSA Collective were not compensated in accordance with the FLSA, 29 U.S.C. §207 because they were not paid overtime at an hourly rate of one hundred fifty (150%) percent of their regular rate of pay for all hours worked over forty (40) in a workweek.

27. Defendant knowingly, willfully or in reckless disregard of the law maintained an illegal practice of failing to pay Plaintiffs and the FLSA Collective overtime compensation for all hours worked over forty (40) in a workweek.

## VI.    COLLECTIVE ALLEGATIONS

28. Plaintiffs and the FLSA Collective performed the same or similar job duties for Defendant.  Plaintiffs and the FLSA Collective were employed by Defendant as receptionists, physician assistants, medical assistants, or other workers who were paid by the hour and did not perform any job duties that qualify for any exemption from the overtime requirements of the FLSA.

29. Plaintiffs and the FLSA Collective were all subject to the same payroll practice of not being compensated at time-and-one half for all hours worked in excess of forty (40) hours in a workweek and of not being provided a bona fide meal period.  The FLSA Collective is owed overtime wages for the same reasons as Plaintiffs.

30. Defendant's failure to pay overtime, including meal periods, to Plaintiffs and the FLSA Collective for all hours worked in excess of forty (40) hours in a workweek, as required by the FLSA, was the result of a uniform policy or practice applicable to all FLSA Collective members.

31. Application of this policy of practice does not depend on the personal circumstances of Plaintiffs or any FLSA Collective member. Rather, the same policy or practice of failing to pay overtime to Plaintiffs and the FLSA Collective, in violation of the FLSA, that resulted in the non-payment of overtime to Plaintiffs, applies to the FLSA Collective equally.

32. Accordingly, the FLSA Collective is defined as:

> All hourly employees employed by Prime Choice Urgent Care, PLLC within the last three (3) years who were not paid an overtime premium of one hundred fifty (150%) percent of their regular rate of pay for all hours worked in excess of forty (40) in a workweek.

### VII.  **VIOLATIONS OF THE FLSA**

33. Plaintiffs and the FLSA Collective are/were entitled to be paid one- and one-half times their regular rate of pay for each hour worked in excess of forty (40) hours in a workweek.

34. During their employment by Defendant, Plaintiffs and the FLSA Collective Members regularly worked more than forty (40) hours in a workweek and were not paid one- and one-half times their regular rate of pay for all hours worked in excess of forty (40) in a workweek.

35. Defendant knowingly, willfully or with reckless disregard carried out this illegal pattern or practice of failing to pay overtime compensation by paying straight time for overtime to Plaintiffs and the FLSA Collective.

36. Defendant did not act in good faith or in reliance upon any of the following in formulating its pay practice: (a) case law, (b) the FLSA 29 U.S.C. §201 *et seq.*, (c) any department of labor wage and hour opinion letters or (d) the Code of Federal Regulations.

37. Defendant's violation of the FLSA was and is willful and Plaintiffs and the FLSA Collective are entitled to liquidated damages.

38. In addition to their hourly pay, Plaintiffs and the FLSA Collective sometimes received extra pay based on the number of patients seen by the clinic during a workweek. This extra pay was non-discretionary, was based on objective criteria and does not constitute a bonus.

39. Under the FLSA, 29 U.S.C. §207(e), all non-discretionary pay, including the non-discretionary pay Defendant paid to Plaintiffs and the FLSA Collective, must be counted as remuneration that the employer must include in an employee's regular rate of pay for purposes of determining the employees' correct overtime rate.

40. Defendant paid Plaintiffs and the FLSA Collective by electronic deposit but did not provide a paystub or other recording of Plaintiffs and the FLSA Collective's hours worked. Defendant breached its obligation to make, keep and preserve records of its employees' wages, hours, and other conditions and practices of employment, thus violating 29 U.S.C. §211(c).

41. Plaintiffs and the FLSA Collective Members are entitled to unpaid overtime, liquidated damages, attorney fees and costs under the FLSA.

## RELIEF SOUGHT

**WHEREFORE**, Plaintiffs, individually and on behalf of the proposed FLSA Collective, pray for relief as follows:

a. For an Order allowing this action to proceed as a collective action under the FLSA and directing notice to all similarly situated workers;

b. For a judgment awarding Plaintiffs and the FLSA Collective unpaid overtime compensation, liquidated damages, attorney fees and costs under the FLSA;

c. For an award of pre- and post-judgment interest on all amounts awarded at the highest rate allowed by law; and

  d. All such other and further relief to which Plaintiffs and the FLSA Collective may be entitled.

## JURY DEMAND

Plaintiffs demand trial by jury on all issues as to all parties.

    Respectfully submitted,

    /s/ Philip Bohrer
    Philip Bohrer  (#00792194)
    phil@bohrerbrady.com
    Scott E. Brady
    scott@bohrerbrady.com
    **BOHRER BRADY LLC**
    8712 Jefferson Highway, Suite B
    Baton Rouge, LA  70809
    Telephone:  (225) 925-5297
    Facsimile: (225) 231-7000

    and

    /s/ Corrina Chandler
    Corrina Chandler  (#24061272)
    chandler@chandlershavin.com
    **CHANDLER & SHAVIN, PLLC**
    12377 Merit Drive, Suite 880
    Dallas, TX 75251
    Telephone: (972) 863-9063
    Facsimile: (972) 692-5220

    ***Attorneys for Plaintiffs***