UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | |
|---|---|
| SANDRA ESPINOSA and CHRISTINA NEIGHBORS, individually and on behalf of other similarly situated individuals<br><br>        Plaintiffs,<br><br>v.<br><br>PRIME CHOICE URGENT CARE, PLLC<br><br>        Defendant. | Case No.: 4:21-cv-00835 |

## MEMORANDUM IN SUPPORT OF
## UNOPPOSED MOTION TO APPROVE SETTLEMENT

***MAY IT PLEASE THE COURT:***

The Named Plaintiffs, Sandra Espinosa and Christina Neighbors, and all opt-in Plaintiffs (hereinafter collectively referred to as "Plaintiffs"), through undersigned counsel, submit this Unopposed Motion to Approve Settlement.  The Parties have resolved all claims in this matter and Plaintiffs move the Court to approve the Settlement Agreement which was filed under seal (ECF No. 25).

I.

## PROCEDURAL HISTORY AND PAY STRUCTURE

The Named Plaintiffs, Sandra Espinosa and Christina Neighbors and all opt-in Plaintiffs, were employed by Defendant, Prime Choice Urgent Care, PLLC as receptionists and medical assistants who were paid by the hour. The payroll policy at issue was Defendant's payment of straight time for overtime hours.

Named Plaintiffs filed their Complaint on October 18, 2021 seeking judicial approval of notice to a collective pursuant to 29 U.S.C. §216(b).  Named Plaintiffs claimed that they and all similarly situated employees were FLSA non-exempt and eligible for overtime but were paid straight time for hours worked over forty in a work week and were subject to the above payroll policy.  The Named Plaintiffs' Complaint sought unpaid overtime, liquidated damages, attorney fees and costs under the FLSA.

Defendant filed its Answer on December 7, 2021, generally denying all allegations, and asserting various affirmative defenses, including that it acted in good faith and its actions were not a willful violation of the FLSA (ECF No. 10).

On January 24, 2022, Named Plaintiffs filed a Motion for Order on Stipulation Regarding Notice to Similarly Situated Employees Pursuant to 28 U.S.C. §216(b), (ECF No. 14) seeking judicial approval to send notice to similarly situated employees advising them of this lawsuit and their right to opt in and join the litigation.  The Court denied the motion and ordered Named Plaintiffs to address the similarly situated issues raised *Swales v. KLLM Transp. Servs., L.L.C.,* 985 F.3d 430 (5th Cir. 2021) (ECF No. 15). Named Plaintiffs thereafter filed an amended motion on February 14, 2022 (ECF No. 16). The Court granted the amended motion and approved judicial notice on March 1, 2022 (ECF No. 17) to a collective comprised of:

> All hourly employees employed by Prime Choice Urgent Care, PLLC within the last three (3) years who were not paid an overtime premium of one hundred fifty (150%) percent of their regular rate of pay for all hours worked in excess of forty (40) in a workweek ("Collective Members").

A total of twelve (12) similarly situated employees who received notice opted into the litigation (see ECF Nos. 3, 5, 6, 18, 19, 20, 21).

Defendant produced payroll and work records for all Plaintiffs which enabled Plaintiffs' Counsel to calculate the precise amount of unpaid overtime and liquidated damages owed to each Plaintiff. (Declaration of Philip Bohrer, attached as Exhibit 1, at ¶ 6,7).

## SETTLEMENT NEGOTIATIONS

After review and analysis of the documentation and information produced by Defendant, Plaintiffs' Counsel prepared a damage model that recalculated each Plaintiff's regular hourly rate of pay to include non-discretionary bonuses and, using the revised regular rate, determine each Plaintiff's total unpaid overtime, based on his or her actual overtime hours (Ex. 1, at ¶ 7,8).

The Parties continued to discuss resolution of the claims over several weeks, discussing Plaintiff's damage model, as well as a damage model prepared by Defendant. The Parties finally reached a tentative settlement on July 28, 2022, which Plaintiffs' Counsel and the Named Plaintiff submit is fair and reasonable (Ex. 1, at ¶ 9,10).

A.    The Terms and Conditions of the Settlement

The details of the Settlement are contained in the Settlement Agreement, which was filed under seal.   The Settlement Agreement provides each Plaintiff with full and complete FLSA compensation of all unpaid overtime owed and including liquidated damages, calculated at their correct regular rate of pay (Ex. 1, at ¶ 16). Defendant has also agreed to separately pay Plaintiffs' Counsel's attorney fees and costs. All Plaintiffs have executed the Settlement Agreement, evidencing their acceptance of the terms of the settlement as fair and reasonable, including Plaintiff's Counsel's fees and costs (Ex. 1, at ¶ 18).

B.      Release of Claims

Plaintiffs understand that the settlement is not an admission of liability by Defendants but instead, a compromise of disputed claims.  The Settlement Agreement releases only Plaintiffs' overtime and/or wage related claims and is not a general release of any other causes of action.

II.

## THE COURT SHOULD APPROVE THE FLSA SETTLEMENT

A.      The Standard for Approval

An FLSA claim, except in two circumstances, cannot be waived or settled.  *Brooklyn Savings Bank v. O'Neil*, 324 U.S. 697, 706 (1945).  The exceptions are (1) that the Secretary of Labor can supervise the payment of back wages or (2) that the employer and employee present the proposed settlement to the court for approval.  29 U.S.C. §215(b); *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1354 (11th Cir. 1982).[1]

In order to approve a settlement proposed by an employer and employees of a suit brought under the FLSA and enter a stipulated judgment, a court must determine that (1) the settlement involves the resolution of a bona fide dispute over an FLSA provision and (2) the settlement is fair and reasonable.  *Diaz v. Panhandle Maint., LLC*, 2020 U.S. Dist. LEXIS 21482, *5 (N.D. Tex. Feb. 6, 2020), citing *Collins v. Sanderson Farms, Inc.*, 568 F.Supp.2d 714, 719 (E.D. La. 2008) (to approve a private FLSA settlement, the court must find that it is a "fair and reasonable resolution of a bona fide dispute over FLSA provisions.").  The primary focus of the Court's

---

[1] The Fifth Circuit has found that under some circumstances, private FLSA settlements can bind parties even without court or Department of Labor approval. *See, Martin v. Spring Break '83 Prods., L.L.C.*, 688 F.3d 247, 255 (5th Cir. 2012), *cert. denied*,. 133 S.Ct. 795, 184 L.Ed.2d 583 (U.S. 2012), (citations omitted). Nonetheless, the Parties seek judicial approval as this case presented a *bona fide* dispute as to liability including whether Plaintiffs performed uncompensated work.

inquiry in determining whether to approve the settlement of a FLSA collective action is not, as it would be for a Rule 23 class action, on due process concerns, but rather on ensuring that an employer does not take advantage of its employees in settling their claim for wages. *Id.* In general, settlement is the preferred means of resolving litigation. *Williams v. First Nat'l Bank*, 216 U.S. 582 (1910); *Mid-South Towing Co. v. Har-Win, Inc.*, 733 F.2d 386, 391-92 (5th Cir. 1984). In considering approval of a settlement between parties, the Court must keep in mind the "strong presumption" in favor of finding a settlement fair. *Camp v. Progressive Corp.*, Civ. A 01-2680, 2004 WL 2149079, at *5 (E.D. La. Sept. 23, 2004), citing *Cotton v. Hinton*, 559 F.2d 1326, 1331 (5th Cir. 1977). The Court and the parties should remain aware that a settlement is a compromise, a yielding of the highest hopes in exchange for certainty and resolution. *Id.*, citing *In Re: General Motors Corp. Pick-Up Truck Fuel Tank Prods. Liabl. Litig.* 55 F.3d 768, 806 (3rd Cir. 1995).

B.   There Is a Bona Fide Dispute Between the Parties

In order to determine whether there is a bona fide dispute over FLSA provisions, the Court must ensure that the parties are not, via settlement of the Plaintiffs' claims, negotiating around the clear FLSA requirements of compensation for all hours worked, minimum wages, maximum hours, and overtime. *Collins*, 568 F.Supp.2d at 719, citing 29 U.S.C. §§ 206, 207. If no question exists that the plaintiffs are entitled under the statute to the compensation they seek (and therefore to liquidated damages, as well), then any settlement of such claims would allow the employer to negotiate around the statute's mandatory requirements. Without a bona fide dispute, no settlement could be fair and reasonable. Thus, some doubt must exist that the Plaintiffs would succeed on the merits through litigation of their claims. *Id.* at 719-20. "[D]isagreements over 'hours worked or compensation due' clearly establishes a bona fide dispute. The institution of a federal court

litigation followed [by] aggressive prosecution and strenuous defense demonstrates the palpable bona fides of this dispute." *Altier*, 2012 U.S. Dist. 6391, *14 (citations omitted).

Here, Plaintiffs alleged that they worked over forty hours in a work week and did not receive overtime pay. Defendants disputed all aspects of Plaintiffs' claims and allegations. Defendants asserted numerous affirmative defenses (ECF No. 10) including:

- Plaintiffs did not work all hours alleged;

- Plaintiffs' claims were barred under the Portal-to-Portal Act, 29 U.S.C. §254;

- Defendants were entitled to an offset/credit for payment of bonuses;

- Defendants complied with all applicable state and federal laws;

- Defendants' payroll practices were in good faith and based upon a reasonable belief that it was not in violation of the FLSA; and

- Plaintiffs were not entitled to liquidated damages as Defendants at all times acted in good faith.

Accordingly, prior to the settlement, a bona fide dispute existed between the parties.

C.    This Settlement Agreement is Fair and Reasonable

A district court has significant discretion to fashion the appropriate procedures in collective actions brought under §216(b). *Diaz*, 2020 U.S. Dist. LEXIS 21482 at *4; *Quintanilla v. A & R Demolition Inc.*, 2008 U.S. Dist. LEXIS 37449, *2 (S.D. Tex. May 7, 2008) *citing Newby v. Enron Corp.*, 394 F.3d 296, 300 (5th Cir. 2004); *Collins*, 568 F.Supp.2d at 721. In *Hoffman-La Roche, Inc. v. Sperling*, 493 U.S. 165 (1989), the Supreme Court settled a long-standing circuit split over whether district courts could authorize or facilitate notice of a pending action under §216(b) to other potential class members on whose behalf the collective action had been brought. In that context, the Court held that §216(b) "must grant the [district] court the requisite procedural

authority to manage the process of joining multiple parties in a manner that is orderly, sensible, and not otherwise contrary to the statutory commands of the Federal Rules of Civil Procedure." *Id.* at 170.  No reason exists to conclude that similar discretion does not lie to fashion the appropriate procedures and standards for approving settlement of actions brought under §216(b). *Collins*, 568 F.Supp.2d at 721.

Although the provisions of Fed. R. Civ. P. 23, which governs class actions, do not apply to collective actions under the FLSA, Rule 23(3) is similar in that it requires court approval before a proposed class action settlement may be finalized. *Altier*, 2012 U.S. Dist. 6391 at *14.  A class action settlement must be "fair, adequate and reasonable" and cannot be the product of collusion between the parties. *In Re: Beef Indus. Antitrust Litig.*, 607 F.2d 167, 179 (5th Cir. 1976); *Ruiz v. McKaskle*, 724 F.2d 1149, 1152 (5th Cir. 1984); *Cotton v. Hinton*, 559 F.2d 1326, 1330 (5th Cir. 1977).

Thus, the Rule 23(3) standard encompasses the "fair and reasonable" settlement standard of the FLSA collective action, and cases interpreting Rule 23(e) are analogous and applicable to the instant FLSA action on the issue of whether the settlement is "fair and reasonable." *Stepp v. Seton Family Hosps.*, 2019 U.S. Dist. LEXIS 48962, *5 (W.D. Tex. Mar. 25, 2019); *Altier*, 2012 U.S. Dist. 6391 at *14; *Daniels v. Prod. Mgmt. Indus., LLC*, No. 6:15-cv-02567, 2018 U.S. Dist. LEXIS 76933 (W.D. La., April 20, 2018).

In determining whether a settlement is fair, adequate and reasonable, the court should consider the following six factors:

> (1) the existence of fraud or collusion behind the settlement; (2) the complexity, expense, and likely duration of the litigation; (3) the stage of the proceedings and the amount of discovery completed; (4) the probability of plaintiffs' success on the merits; (5) the range of possible recovery; and (6) the opinions of the class counsel, class representatives, and absent class members.

*Reed v. Gen. Motors Corp.,* 703 F.2d 170, 712 (5ᵗʰ Cir. 1983) citing *Parker v. Anderson*, 667 F.2d

1204, 1209 (5ᵗʰ Cir. 1982)); *Hallen v. Belk, Inc.,* No. 4:16-cv-00055-ALM, 2018 U.S. Dist. LEXIS

214015 (E.D. Tex., Dec. 20, 2018); *Lopez v. STS Consulting Servs.*, 2018 U.S. Dist. LEXIS 40977,

*4 (E.D. Tex. Feb. 6, 2018); *Vassallo v. Goodman Networks, Inc.*, 2016 U.S. Dist. LEXIS 142379,

*4 (E.D. Tex. Oct. 13, 2016).  Applying each of those factors to this settlement establishes that it

is fair and reasonable.

1.      <u>There Has Been No Fraud or Collusion</u>

The Court may presume that a proposed settlement is fair and reasonable when it is the

result of arm's length negotiations. *Hallen v. Belk, Inc.*, 2018 U.S. Dist. LEXIS 214015, *4 (E.D.

Tex. Dec. 20, 2018); *Altier*, 2012 WL 161824 at *15, citing 4 *Newberg on Class Actions* §11.41

(4ᵗʰ Ed.); *Lee v. Metrocare Servs.*, 2015 U.S. Dist. LEXIS 194001, *5 (N.D. Tex. July 1, 2015)

citing *Collins*, 568 F.Supp.2d at 725.

In the instant case, no evidence refutes these presumptions.  On the contrary, the evidence

establishes that the Parties engaged adversarial litigation and settlement negotiations that led to the

Settlement Agreement.  Payroll and work records were produced and reviewed, and used to prepare

a damage model that reflected each Plaintiff's total unpaid overtime (Ex. 1, at ¶ 6,7,8). Counsel

for both sides are experienced in complex litigation, including FLSA cases, and they have

demonstrated this experience and their familiarity with the facts and legal issues to the Court

throughout these proceedings.  The Settlement Agreement treats all collective members fairly.

Benefits are allocated based on the actual overtime owed to each Plaintiff (Ex. 1, at ¶ 15,16).

Attorney fees and costs are paid directly by Defendants, in addition to unpaid overtime and

liquidated damages .

In short, the Settlement Agreement is the result of arm's length negotiations and there is no evidence of fraud or collusion.  The proposed settlement is consequently fair and reasonable.

> ### 2.    This Litigation Would Be Complex, Expensive and Lengthy, and Sufficient Discovery Has Been Completed

These two factors are related, *see Altier*, 2012 WL 161824 at *2, and weigh heavily in favor of finding that settlement is fair and reasonable.  The Settlement Agreement provides a fair and reasonable recovery now, without suffering the delay and risk of litigating the claims.  In this matter, further litigation, including appeals, could drag on for years and require the expenditure of a tremendous amount of resources.  Fees and costs would continue to increase.  "When the prospect of ongoing litigation threatens to impose high costs of time and money on the parties, the reasonableness of approving a mutually-agreeable settlement is strengthened." *Hallen*, 2018 U.S. Dist. LEXIS 214015, *5 quoting *Klein v. O'Neal, Inc.*, 705 F. Supp. 2d 632, 651 (N.D. Tex. 2010) (quoting *Ayers v. Thompson*, 358 F.3d 356, 373 (5th Cir. 2004)).

Further, additional discovery would be necessary.  It is clear that full completion of discovery would be painstaking, including the depositions of most if not all Plaintiffs on issues such as the number of overtime hours each Plaintiff worked and whether the Plaintiffs were paid for some or all of the hours at issue (Ex. 1, at ¶ 13).

As a result of the discovery completed thus far, the Parties have sufficient information upon which to assess the potential merits of each claim, ultimate liability, and the apparent risk of proceeding to trial (Ex. 1, at ¶ 12). In short, the settlement is fair because it provides Plaintiffs with a full recovery now, based on the Parties' evaluation of the case, avoiding the risk, expense, and delay of litigation, which compensates them for all uncompensated overtime (Ex. 1, at ¶ 11).

9

3.    <u>Plaintiffs Are Not Guaranteed Success on the Merits</u>

When examining the fairness of a proposed settlement, the court should not engage in a trial on the merits because the very purpose of the compromise is to avoid the delay and expense of a trial. *Altier*, 2012 WL 161824 at *17.  However, the court must analyze the law and facts to some extent to examine the probability of the Plaintiffs' success on the merits. *Id.* Here, Plaintiffs allege that they regularly worked more than forty hours in a workweek without payment of overtime.

Defendants contend that they are not liable and asserted numerous affirmative defenses. Even if Plaintiffs could establish liability, Defendant argues no liquidated damages and a possible offset or credit for certain payments that Defendant classified as bonuses paid to Plaintiffs in lieu of overtime.  While Plaintiffs believe their claims are strong, they recognize that they have the burden of proving both liability and damages at trial, that Defendant has legitimate arguments, and that there is a risk inherent in this litigation.

Thus, in resolving the case, the Parties considered the various risks associated with their respective positions on each issue, including the time value of money and attorneys' fees and costs. Both Parties eliminated significant litigation risks by resolving the case now (Ex. 1, at ¶ 11).

4.    <u>The Settlement is Reasonable and Within the Range of Possible Recovery</u>

During settlement negotiations, the Parties recognized there was a range of potential recovery based on disputed facts and law.  Plaintiffs were not guaranteed recovery of liquidated damages as Defendants asserted a good faith defense. *Collins*, 568 F.Supp.2d at 723 ("Under 29 U.S.C. § 260, if the employer shows to the satisfaction of the court that the act or omission giving rise to the action was in good faith and that it had reasonable grounds for believing that its act or

omission was not a violation of FLSA, the court may, in its sound discretion, award no liquidated damages.")

The Settlement Agreement provides full unpaid overtime damages based on each Plaintiff's actual overtime rate of pay and hours worked for the duration of their employment, as reflected by Defendants' payroll records.  The settlement also includes full liquidated damages. The settlement is clearly within the range of recoveries that were possible and weighs in favor of approval of the Settlement Agreement.

5.    Plaintiffs' Counsel and All Plaintiffs Approve the Settlement

The Court is entitled to rely on the judgment of experienced counsel in its evaluation of the merits of a class action settlement. *Cunningham v. Kitchen Collection, LLC*, 2019 U.S. Dist. LEXIS 111212, *7 (E.D. Tex. July 3, 2019); *Collins*, 568 F.Supp.2d at 727.  Plaintiffs' Counsel has worked in good faith to secure a good settlement, which provides prompt and reasonable relief to all Plaintiffs, taking into account the uncertainty and risks involved in litigation of the claims in light of the strength of the claims and possible defenses (Ex. 1, at ¶ 11).   Further, each Plaintiff has been advised the details of the Settlement Agreement, including the Released Wage and Hour Claims, and their individual allocations.  All have agreed to accept the terms of the settlement (Ex. 1, at ¶ 14, 18).

D.    The Attorneys' Fees and Costs Are Reasonable and Uncontested

Plaintiffs' Counsel respectfully submits that the requested fee contained in the Settlement Agreement is fair and reasonable both in terms of the result achieved and the risks involved in litigating this claim.   The lodestar basis for determining whether fees are reasonable is the favored method in the 5th Circuit. *See Saizan v. Delta Concrete Prods. Co.*, 448 F.3dr 795 (5th Cir. May 5, 2006) ("Under the Fair Labor Standards Act, the District Court may award reasonable

attorney's fees to the prevailing party.  Multiplying the number of hours reasonably spent on the case by an appropriate hourly rate in the community for such work, we use the lodestar method to calculate an approximate attorney's fee award under the FLSA.")  The "lodestar" method is used to calculate attorneys' fees for purposes of fee awards.  *See, Tollett v. City of Kemah,* 285 F.3d 357, 367-68 (5th Cir. 2002); *Saizan v. Delta Concrete Prods. Co.*, 448 F.3dr 795 (5th Cir. May 5, 2006) ("Under the Fair Labor Standards Act, the District Court may award reasonable attorney's fees to the prevailing party.  Multiplying the number of hours reasonably spent on the case by an appropriate hourly rate in the community for such work, we use the lodestar method to calculate an approximate attorney's fee award under the FLSA.")  In calculating a lodestar, the number of hours reasonably expended by the attorneys are multiplied by an appropriate hourly rate in the community for such work.  *See, Singer v. City of Waco,* 324 F.3d 813, 829 (5th Cir. 2003).

After calculating the lodestar, the Court may either: (1) accept the lodestar figure; or (2) decrease or enhance it based on the circumstances of the case, taking into account what are referred to as the *Johnson* factors.  *See, La. Power & Light So. v. Kellstrom,* 50 F.3d 319, 329 (5th Cir. 1995) (referring to *Johnson v. Ga. Highway Express, Inc.,* 488 F.2d 714, 717-19 (5th Cir. 1974)[2].  However, the lodestar is presumed to be reasonable and should only be modified in exceptional cases.

Plaintiffs' Counsel's itemization of costs incurred and time spent working on this case as of August 22, 2022 is attached as Exhibit B to Exhibit 1.  The requested fee does not include any work to be performed by Plaintiffs' Counsel in the future for administering the settlement.

---

[2] The *Johnson* factors include: (1) the time and labor required; (2) the novelty and difficulty of the legal issues; (3) the skill required to perform the legal service properly; (4) the preclusion of other employment by the attorney as a result of taking the case; (5) customary fee; (6) whether the fee is fixed or contingent; (7) time limitations imposed by the client or other circumstances; (8) the monetary amount involved and the results obtained; (9) the experience, reputation, and ability of the attorneys; (10) whether the case is undesirable; (11) the nature and duration of the professional relationship with the client; and (12) awards in similar cases. 448 F.2d at 717-19.

Plaintiffs' Counsel's  lodestar as of August 22, 2022 was $48,458.33 and costs were $478.00.

Plaintiffs' Counsel accepted fees of $43,000.00 as payment in full of all attorney fees.  Plaintiffs'

Counsel respectfully submits this fee and cost request is fair and reasonable and should be

approved. Further, all Plaintiffs approve the amount of fees and costs requested, as evidenced by

their execution of the Settlement Agreement.

Accordingly, Plaintiffs respectfully move the Court to approve the Settlement Agreement.

Respectfully submitted:

By:/s/ Philip Bohrer
       Philip Bohrer (Tx Bar #00792194)
       phil@bohrerbrady.com
       Scott E. Brady
       scott@bohrerbrady.com
       **BOHRER BRADY, LLC**
       8712 Jefferson Highway, Suite B
       Baton Rouge, Louisiana 70809
       Telephone: (225) 925-5297
       Facsimile: (225) 231-7000

       -and-

       Corinna Chandler   (TX Bar #24061272)
       chandler@chandlershavin.com
       **CHANDLER & SHAVIN, PLLC**
       12377 Merit Drive, Suite 880
       Dallas, TX  75251
       Telephone: (972) 863-9063
       Facsimile: (972) 692-5220

       *Counsel for Plaintiff*

## CERTIFICATE OF SERVICE

I hereby certify that on August 29, 2022, I electronically filed the foregoing with the Clerk of Court by using the CM/ECF system, which will send notice of electronic filing to all counsel registered in this case.  Any counsel not registered for electronic notice of filing with the Clerk of Court will be mailed a copy of the above and foregoing, First Class U.S. Mail, postage prepaid and properly addressed.

/s/ Philip Bohrer