UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| SANDRA ESPINOSA, ET AL. | § | |
| | § | |
| v. | § | CIVIL NO. 4:21-CV-835-SDJ |
| | § | |
| PRIME CHOICE URGENT CARE, | § | |
| PLLC | § | |

## **MEMORANDUM OPINION AND ORDER**

Before the Court is Plaintiffs' Unopposed Motion to Approve FLSA Settlement. (Dkt. #26). After reviewing the motion, the pleadings, and the evidence, noting that the parties have agreed upon the terms and conditions of the FLSA Settlement Agreement, and that the Settlement Agreement is in the best interest of Plaintiffs Sandra Espinosa, Christina Neighbors, and all Opt-In Plaintiffs (collectively, "Plaintiffs") and Defendant Prime Choice Urgent Care, PLLC, this Court is of the opinion that the Motion should be **GRANTED**.

### I. BACKGROUND

Espinosa and Neighbors filed their complaint in this case on October 18, 2021, alleging that Prime Choice failed to pay them and other non-exempt hourly workers overtime pay as required by the Fair Labor Standards Act. Prime Choice filed an answer denying Espinosa and Neighbors's allegations and asserting various affirmative defenses.

On February 14, 2022, Espinosa and Neighbors asked the Court to approve the dissemination of notice to similarly situated employees. The Court granted the motion and allowed Espinosa and Neighbors to send notice to a collective comprised

of all hourly employees employed by Prime Choice within the last three years who were not paid an overtime premium of 150% of their regular rate for all hours worked in excess of forty hours in one workweek. *See* (Dkt. #17). Eleven employees opted into the lawsuit.

## II. Discussion

### A. Settlement Approval

The Court may approve the parties' settlement agreement if (1) the settlement resolves a bona fide dispute over FLSA provisions; and (2) the resolution is fair and reasonable. *Diaz v. Panhandle Maint., LLC*, No. 2:18-CV-097, 2020 WL 587644, at *2 (N.D. Tex. Feb. 6, 2020). Here, bona fide disputes exist. The parties have been litigating this case for nearly one year. The Court ordered that notice be sent to similarly situated employees, and eleven employees opted into the litigation. Though Plaintiffs asserted that they are entitled to overtime pay, Prime Choice disputed the allegations and asserted numerous affirmative defenses. After reviewing the record, the Court finds that bona fide disputes exist as to Prime Choice's liability and the compensation due to Plaintiffs. Because there are doubts as to which party would prevail on the merits, the Court finds that the first requirement is satisfied.

Next, the Court must ensure that the proposed settlement is fair and reasonable. *Lynn's Food Stores, Inc. v. United States ex rel. U.S. Dep't of Lab., Emp. Standards Admin., Wage & Hour Div.*, 679 F.2d 1350, 1353, 1355 (11th Cir. 1982). Courts often use the Federal Rule of Civil Procedure 23(e) standard to determine whether an FLSA collective action settlement is fair and reasonable. *Cunningham v. Kitchen Collection, LLC*, No. 4:17-CV-770, 2019 WL 2865080, at *1 (E.D. Tex. July 3,

2019). Under this standard, the Court must consider six factors: (1) whether the settlement was a product of fraud or collusion; (2) the complexity, expense, and likely duration of the litigation; (3) the stage of the proceedings and the amount of discovery completed; (4) the probability of prevailing on the merits; (5) the possible range of recovery; and (6) the respective opinions of the participants, including class counsel, class representatives, and absent class members. *Reed v. Gen. Motors Corp.*, 703 F.2d 170, 172 (5th Cir. 1983).

Applying these factors, the Court concludes that the terms of the settlement are fair and reasonable.[1] First, there is no evidence of fraud or collusion. Second, continued litigation is likely to be complex, expensive, and protracted. The case has been pending for nearly a year, and numerous factual and legal issues remain to be decided. Plaintiffs note, for example, that continued litigation would require "the depositions of most if not all [of the] Plaintiffs." (Dkt. #26-1 at 9). Third, enough discovery has been completed to give the Court and the parties "ample information with which to evaluate the merits of the competing positions." *Klein v. O'Neal, Inc.*, 705 F.Supp.2d 632, 653 (N.D. Tex. 2010) (quoting *Ayers v. Thompson*, 358 F.3d 356, 369 (5th Cir. 2004)).

Fourth, the Court must "judge the terms of the proposed settlement against the probability that the class will succeed in obtaining a judgment following a trial on the merits." *Cunningham*, 2019 WL 2865080, at *2. Here, Plaintiffs acknowledge

---

[1] The Court will not analyze the *Reed* factors in great detail because the Settlement Agreement is confidential and has been filed under seal. However, the Court has reviewed and analyzed the terms of the Settlement Agreement *in camera*. *See Diaz*, 2020 WL 587644, at *4.

the risk of not succeeding, both in obtaining a judgment on the merits and in recovering the full measure of damages they seek. The Settlement Agreement ensures that each member of the collective will receive a fair and reasonable recovery based on their "actual overtime rate of pay and hours worked." (Dkt. #26-1 at 11). Fifth, the Court considers "the adequacy of the proposed settlement." *Cunningham*, 2019 WL 2865080, at *3. The Settlement Agreement ensures that all Plaintiffs will receive the overtime pay they contend they are owed based on payroll and work records, along with liquidated damages. *See* (Dkt. #26-1 at 10–11). Sixth, the parties and their attorneys agree that the settlement is a fair and reasonable resolution of a bona fide dispute.[2]

After considering the *Reed* factors, the Court finds that the Settlement Agreement should be approved because it is a fair and reasonable settlement of a bona fide dispute.

**B. Attorney's Fees**

Next, the Court evaluates the requested attorney's fees. According to Plaintiffs' counsel, they incurred $48,458.33 in fees but request only $43,000. *See* (Dkt. #26-1 at 13).

In the Fifth Circuit, reasonable attorney's fees are calculated using the lodestar method. *La. Power & Light Co. v. Kellstrom*, 50 F.3d 319, 323–24 (5th Cir. 1995) (per curiam). To determine the lodestar, courts must determine the reasonable number of hours expended by the attorney and the reasonable hourly rate for the

---

[2] Because this is an FLSA collective action, there are no "absent class members." *Lee v. Metrocare Servs.*, No. 3:13-CV-2349, 2015 WL 13729679, at *6 (N.D. Tex. July 1, 2015).

4

attorney and then multiply the number of hours by the hourly rate. *Id.* at 324. The Court "use[s] the submitted time as a benchmark and exclude[s] any time that is 'excessive, duplicative, or inadequately documented.'" *Walker v. City of Bogalusa*, No. 96-3470, 1997 WL 666203, at *6 (E.D. La. Oct. 24, 1997) (quoting *Kellstrom*, 50 F.3d at 328). There is a strong presumption in favor of the lodestar amount, but it may be adjusted based on the twelve factors set out in *Johnson v. Georgia Highway Express, Inc.*, 488 F.2d 714, 717–19 (5th Cir. 1974).

Plaintiffs' attorneys expended 114.56 hours on this case. (Dkt. #26-4 at 21). In his declaration, Plaintiffs' attorney Philip Bohrer describes the work performed on this case since December of 2021. (Dkt. #26-2). Further, Plaintiffs' counsel submitted time records supporting the number of hours worked to prosecute this case. (Dkt. #26-4). Prime Choice does not dispute that the reported hours are reasonable and accurate. The Court finds that Plaintiffs' counsel reasonably expended 114.56 hours on this case.

Next, the Court considers the requested hourly rates. "An attorney's requested hourly rate is prima facie reasonable when he requests that the lodestar be computed at his or her customary billing rate, the rate is within the range of prevailing market rates, and the rate is not contested." *Martinez v. Refinery Terminal Fire Co.*, No. 2:11-CV-295, 2016 WL 4594945, at *7 (S.D. Tex. Sept. 2, 2016) (citing *Kellstrom*, 50 F.3d at 328). "[T]he relevant market for purposes of determining the prevailing rate to be paid in a fee award is the community in which the district court sits." *Tollett v. City of Kemah*, 285 F.3d 357, 368 (5th Cir. 2002) (quotation omitted).

5

Attorney Philip Bohrer's billing rate in this case is $600 per hour, and paralegal Greta Bordelon's billing rate is $150 per hour. (Dkt. #26-2 at 5). Although not addressed in Bohrer's declaration, it also appears that attorney Scott Brady performed work on the case at $500 per hour. *See, e.g.*, (Dkt. #26-4 at 3). At least one court in the Eastern District of Texas has found similar rates to be reasonable. *See Cunningham*, 2019 WL 2865080, at *5 (finding rates between $100 and $600 per hour to be reasonable where, as here, counsel requested a fee award lower than the lodestar). Further, Bohrer has extensive experience litigating FLSA cases and states that the charged rates are within the range of hourly rates customarily charged by his law firm in FLSA collective action cases. (Dkt. #26-2 at 2, 6). The Court finds that the requested hourly rates are reasonable in light of counsel's experience, the relevant rates for similar attorneys in the community, and the specific facts of the case.

Because the Court finds that the amount of hours expended and the hourly rates are reasonable, the Court finds that the lodestar calculated by the parties of $48,458.63 is accurate.

Finally, the Court finds that the *Johnson* factors do not counsel in favor of an adjustment to the lodestar amount. The *Johnson* factors are: (1) the time and labor required; (2) the novelty and difficulty of the issues in the case; (3) the skill required to perform the legal services properly; (4) the preclusion of other employment by the attorney; (5) the customary fee charged for the services in the relevant community; (6) whether the fee is fixed or contingent; (7) the time limitations imposed by the client or circumstances; (8) the amount involved and the results obtained; (9) the

experience, reputation, and ability of the attorney; (10) the undesirability of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases. 488 F.2d at 717–19.

The Court has already considered many of these factors—including factors (1), (3), (5), and (9)—in calculating the lodestar, and the remaining factors have no bearing on the fee award. As such, the Court awards the requested $43,000 in attorney's fees.

## C. Costs

Finally, Plaintiffs request $478 for costs incurred in connection with this litigation. These costs reflect filing fees ($402) and service fees ($76). *See* (Dkt. #26-5). These costs are per se awardable. *See* 28 U.S.C. § 1920(1). The Court finds that the costs sought by Plaintiffs are reasonable and awards Plaintiffs $478 in costs.

### III. CONCLUSION

For the foregoing reasons, it is **ORDERED** that the Unopposed Motion to Approve FLSA Settlement, (Dkt. #26), is hereby **GRANTED** and the Settlement Agreement entered into by the parties in the above captioned case is hereby **APPROVED**.

**So ORDERED and SIGNED this 13th day of October, 2022.**

_____
SEAN D. JORDAN
UNITED STATES DISTRICT JUDGE